■ In the Matter of JENNIFER DIANE D., Appellant, v ARNOLD D., Respondent.—In a proceeding pursuant to Family Court Act article 6 to compel the respondent father to visit his daughter, the daughter appeals from an order of the Family Court, Queens County (Ambrosio, J.), dated June 5, 1990, which dismissed the petition.

Ordered that the order is affirmed, without costs or disbursements.

The 16-year-old petitioner commenced this proceeding pursuant to Family Court Act § 651, seeking court-ordered visitation with her adjudicated natural father, who has had no contact with her. The Family Court dismissed the proceeding, concluding that a father cannot be compelled to visit his child. We agree. Although the Family Court is vested with subject

matter jurisdiction to determine "proceedings brought by petition and order to show cause, for the determination of the custody or visitation of minors" (Family Ct Act § 651 [b]), no statutory authority in this State permits a court to require an adjudicated father, against his will, to visit and establish a parental relationship with his child. While a parent can be compelled to support his or her child (see, Family Ct Act § 413), a parent cannot be compelled "to care for and love and visit with the child" (Louden v Olpin, 118 Cal App 3d 565, 568, 173 Cal Rptr 447, 449, cert denied 454 US 1055). Accordingly, the petition was properly dismissed. Thompson, J. P., Lawrence, Eiber and O'Brien, JJ., concur.